IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MALCOLM SANDERS     *

   Plaintiff,     *

      v.     *     1:09-CV-856-TMH
                                                           (WO)
ANDY R. HUGHES, *et al.*,     *

   Defendants.     *

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's request for appointment of counsel. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See  Killian v. Holt,* 166 F.3d 1156, 1157 (11th  Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty.  Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel.[1]  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th  Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th  Cir. 1990).  Therefore, in the exercise of its discretion, the court shall deny Plaintiff's

---

[1] Plaintiff is not required to cite to legal authority in the pleadings he submits to the court.

request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is

ORDERED that Plaintiff's Motion for Appointment of Counsel (*Doc. No. 16*), is DENIED.

Done, this 20th day of November 2009.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE