IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MALCOLM SANDERS, #251 043 | * | |
| Plaintiff, | * | |
| v. | * | 1:09-CV-856-TMH |
| | | (WO) |
| ANDY R. HUGHES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff on September 9, 2009. The court recently ascertained that Plaintiff is no longer housed at the most recent address he provided the court and which the court has on file for him. All parties have an affirmative duty to inform the court of any change of address during the pendency of their actions. The court provided notice of this requirement to Plaintiff in its September 21, 2009 order of procedure. (*See Doc. No. 6, ¶8(h)*.)

On April 7, 2011 the court entered an order directing Plaintiff to provide the court with his present address on or before April 19, 2011. ( *See Doc. No. 33*.) Plaintiff was cautioned that his failure to comply with the court's April 7 order would result in a recommendation that this case be dismissed. (*Id*.) Because Plaintiff has filed nothing in response to this order, the court concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 31, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of May 2011.

          /s/ Wallace Capel, Jr.
          WALLACE CAPEL, JR.
          UNITED STATES MAGISTRATE JUDGE